UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| THEA J. MCCAULEY and DAVID J. POURIER, individually, and jointly and severally,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; DR. DENISE VIOLA and TOP DOCS INC., individually, and jointly and severally,<br><br>Defendants. | 5:24-CV-05059-CCT<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS, ATTORNEY FEES, AND COSTS AGAINST DEFENDANT VIOLA** |

On July 31, 2024, Plaintiffs filed a complaint against the United States, Dr. Denise Viola, and Top Docs, Inc., alleging "medical negligence, ordinary negligence, negligent handling of patients, fraud, deceit, concealment, misrepresentation, negligent infliction of emotional distress, intentional infliction of emotional distress, bystander claims, negligent training, negligent supervision, negligent screening, negligent hiring, and punitive damages." Docket 1.

Plaintiffs were able to serve Top Docs through its attorney, Docket 5, and the United States through admission of service by the Chief of the Civil Division for the District of South Dakota, Docket 6. Plaintiffs were not able to immediately serve Dr. Viola. Dockets 8, 9, 10. On August 15, 2024, Plaintiffs

1

filed a motion to extend the time to serve Dr. Viola pursuant to Federal Rule of Civil Procedure 4(m) and to serve her by publication pursuant to SDCL §§ 15-2-30 and -31. Docket 8. On September 25, 2024, the Court denied the motion, concluding that "Plaintiffs have not shown good cause to excuse their compliance with the rules" and further that the statutes they rely on do not authorize service by publication. Docket 16 at 3.

On October 28, 2024, Plaintiffs filed proof of personal service on Dr. Viola, denoting that she was served on October 24, 2024, at an address in Florida. Docket 19. Thereafter, on December 3, 2024, Plaintiffs filed this motion for $3,600.23 in sanctions and attorney fees and costs against Dr. Viola pursuant to Federal Rule of Civil Procedure 4(d)(2)(A) and (B). Docket 26. They contend such sanctions and fees are warranted because they "diligently attempted to prevent spending more costs than necessary to serve all defendants" and Dr. Viola "was the only defendant who intentionally refused, then evaded service." Docket 26 at 3. Dr. Viola objects, arguing that Plaintiffs failed to comply with the requirements of Rule 4(d)(1). Docket 29.

Under Rule 4(d):

> (1) *Requesting a Waiver.* An individual . . . that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
> (A) be in writing and be addressed:
>
> (i) to the individual defendant; or

> > (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
>
> (B) name the court where the complaint was filed;
>
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
>
> (D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
>
> (E) state the date when the request is sent;
>
> (F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States-- to return the waiver; and
>
> (G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1) (bold omitted). Rule 4(d) further provides:

> (2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> > (A) the expenses later incurred in making service; and
> >
> > (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

*Id.* at (d)(2) (bold omitted).

In support of their motion, Plaintiffs relate their efforts to request that Dr. Viola waive service. *See generally* Docket 26. Those efforts were directed at attorney Gregory Bernard, who sent a letter to Plaintiffs' attorney, Robin Zephier, stating that he represents Dr. Viola. *See id.* at 1; *see also* Docket 27

3

¶ 2; Docket 27-1. According to Plaintiffs, Zephier asked Bernard via email in June, July, and August 2024, whether he would admit service on behalf of Dr. Viola. Docket 26 at 2; Docket 27 ¶¶ 4, 5, 6; Dockets 27-2, 27-3, 27-4. Zephier states in his affidavit that he had a conversation with Bernard "on or about July 31, 2024," wherein Bernard "advised [Zephier] that Defendant Dr. Denise Viola has refused to let Bernard advise Plaintiffs of Viola's physical whereabouts and that Viola would not allow Mr. Bernard to admit service on her behalf." Docket 27 ¶ 7. Plaintiffs contend that Zephier thereafter, on August 2, 2024, sent Bernard a letter, via email and mail service, requesting that he admit or waive service on Dr. Viola's behalf. Docket 26 at 2; Docket 27-5. The letter indicates enclosure of two copies of the summons, complaint, and admission/waiver of service. Docket 27-5. Ten days later, on August 12, 2024, Zephier sent Bernard an email asking again whether he would admit service on Dr. Viola's behalf, but he did not receive a response. Docket 27 ¶ 8; Docket 27-6.

  Although Plaintiffs clearly attempted to have Bernard waive service on Dr. Viola's behalf, they have not established compliance with Rule 4(d)(1). First, Plaintiffs do not allege, and the record does not demonstrate, that they provided two copies of the waiver form appended to Rule 4 or a prepaid means to return the waiver form. Fed. R. Civ. P. 4(d)(1)(D). Other courts have denied costs on a similar basis. *See, e.g.*, *Smith v. Bradley Pizza, Inc.* (*Bradley I*), No. 17-cv-2032-WMW-KMM, 2018 WL 9943476, at *2 (D. Minn. Jan. 24, 2018) (denying cost-shifting because evidence did not show compliance with the

technical requirements of Rule 4(d)(1)); *Robinson v. Wings of Alpharetta, Inc.*, 305 F.R.D. 695, 697-98 (N.D. Ga. 2011) (same); *Hopper v. Wyant*, 502 F. App'x 790, 792 (10th Cir. 2012) (denying costs because plaintiff did not meet his burden of showing compliance with Rule 4(d)(1)).

    Second, and more critically, even if this Court assumes Plaintiffs complied with the requirements to provide two copies of the form appended to Rule 4 and a prepaid means to return the form, Plaintiffs' notice and waiver request was not addressed to Dr. Viola as required by Rule 4(d)(1)(A)(i). Rather, it was sent only to Bernard. Plaintiffs disagree that they were required to send the waiver request to Dr. Viola personally because Bernard was Dr. Viola's attorney. Docket 33 at 1. They also claim that it would "be unfair to expect [them] to provide a copy of the waiver form directly to [her] under the circumstances" because Dr. Viola was "intent to avoid giving Plaintiffs any type of reasonable knowledge as to her whereabouts" and she "specifically advised her ongoing legal counsel <u>not</u> to provide any information to Plaintiffs, and to <u>not</u> admit service of process[.]" *Id.* at 1–2 (underline in original).

    The mandates of Rule 4(d) are clear; a waiver request is to "be addressed . . . to the individual defendant" and "be sent by first-class mail or other reliable means." Fed. R. Civ. P. 4(d)(1)(A)(i), (G). Mailing and delivering the waiver request to Bernard does not comply with this requirement. *See Reints v. City of Rapid City, S.D.*, No. CIV. 13-5043-JLV, 2015 WL 5254325, at *5 (D.S.D. Sept. 9, 2015) (deeming compliance with Rule 4(d)(1) insufficient because the waiver requests were sent to the city's attorney and not the addresses for the

individual defendants); *Smith v. Bradley Pizza, Inc.* (*Bradley II*), 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018) (upholding the denial of attorney fees and costs because plaintiff delivered the documents to defense counsel, not defendant). Also, although Bernard was Dr. Viola's attorney at the time he received the waiver request, Plaintiffs have not shown that Bernard had authority to accept service on Dr. Viola's behalf. *See Bradley II*, 314 F. Supp. 3d at 1027 (rejecting plaintiff's argument that serving defense counsel is sufficient because such "argument lacks the support of any rule of civil procedure and defies logic").

Accordingly, it is hereby

ORDERED that Plaintiffs' motion for attorney fees, sanctions, and costs, Docket 26, is denied.

Dated March 26, 2025.

                                              BY THE COURT:

                                              /s/ *Camela C. Theeler*
                                              CAMELA C. THEELER
                                              UNITED STATES DISTRICT JUDGE